UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH LAUFER, Individually, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>BRE/ESA P PORTFOLIO, LLC, A )<br>Maryland Corporation, )<br>)<br>    Defendant. )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | Case No. 20-cv-01973-SAG |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**I.   INTRODUCTION**

Plaintiff Deborah Laufer ("**Plaintiff**") initiated this case against Defendant BRE/ESA P Portfolio, LLC ("**Defendant**") as one of over **400[1] nearly identical ADA lawsuits** filed in Maryland, New York, New Jersey and elsewhere. Defendant owns and/or operates Extended Stay America hotels nationwide. Courts have taken notice of Plaintiff filing these identical cases **despite lacking subject matter jurisdiction and standing**. Plaintiff is a resident of Florida and never alleges that she visited the state of Maryland, the hotel in question *or* has any intent to visit this state of the hotel. There is no concrete harm or risk of immediate future harm.

To satisfy federal pleading requirements, Plaintiff must sufficiently allege facts which if proven true state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6).

---

[1] *See* Request for Judicial Notice ISO MTD, Exhibit 1.

1

Plaintiff has not done so. Accordingly, the Court should grant Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

## II.     BACKGROUND

On July 3, 2020, Plaintiff filed the Complaint against Defendant seeking injunctive relief and attorneys' fees for alleged violations of the Americans with Disabilities Act ("**ADA**"). Plaintiff is a **resident of Pasco County, Florida**. Complaint at ¶ 1. Plaintiff alleges that she uses an assistive device (such as a cane) to walk and decided to be a "tester" for purposes of ADA compliance. Complaint at ¶ 2. Plaintiff further alleges that she visited certain **third party websites** (not websites that Defendant owns or controls), such as expedia.com and hotels.com, "for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e)." Complaint at ¶ 10. Plaintiff found that such third party websites were lacking accessible information about the property in question located at 104 Chesapeake Center Ct, Glen Bumie, MD 21061 (the "**Subject Property**"). Complaint at ¶ 3, 10. Plaintiff, therefore, seeks attorneys' fees, costs and injunctive relief. Complaint at ¶ 19-20. **Critically, Plaintiff never alleged in the Complaint that she visited the state of Maryland, the town of Glen Burnie, the Subject Property or has any plans or intentions of visiting the Subject Property in Maryland.** The Complaint does not allege that Plaintiff has any reason to travel anywhere in Maryland or any reason to seek lodging anywhere in Glen Burnie.

## III.    LEGAL ARGUMENT

### A.    Courts Must *Sua Sponte* Assess Standing For Subject Matter Jurisdiction

"Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.' To ensure that this bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper

2

parties to bring suit.'" *Sonterra Capital Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 533–34 (2d Cir. 2020) (quoting *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 92 (2d Cir. 2018)).

"[I]n our federal system of limited jurisdiction . . . the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont,* 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*."). Courts "are required to raise issues of standing *sua sponte* if such issues exist." *Bock v. Pressler & Pressler, LLP*, 658 F. App'x 63, 64 (3d Cir. 2016) (citing *Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001)). "If plaintiffs do not possess Article III standing. . . the District Court. . .lack[s] subject matter jurisdiction to address the merits of plaintiffs' case." *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) (citation omitted).

    **B.**    <u>**Standing Requires Concrete Harm Among Other Elements**</u>

To establish standing a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complaint of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–65 (1992). Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo,* 136 S. Ct. at 1548 (quoting *Lujan,* 504 U.S. at 560 n.1). **To be "concrete" an injury "must actually exist": the injury must be "real" and not "abstract."** *Id.* **Generally, "even in the context of a statutory violation," "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III.** *Id.* at 1549–50 (emphasis added - holding that the plaintiff could not satisfy the demands of Article III by simply alleging that consumer reporting agency disseminated information in violation of the Fair Credit Reporting Act of 1970: "[a] violation of" a "procedural requirement[] may result in no harm" and not all "inaccuracies cause harm or present any material risk of harm"). A "risk of real harm" may "satisfy the requirement of concreteness." *Id.* at 1549 (noting statutes where the violation of a procedural right would be sufficient because Congress identified harms sufficient to constitute injury in fact). Thus, "the critical question for standing purposes is 'whether the particular . . . violations alleged . . . entail a *degree of risk* sufficient to meet the concreteness requirement.'" *Crupar-Weinmann v. Paris Baguette Am., Inc.,* 861 F.3d 76, 80 (2d Cir. 2017) (emphasis in original) (quoting *Spokeo,* 136 S. Ct. at 1550).

      C.      <u>**Injunctive Relief Requires Risk Of Immediate Injury**</u>

To have standing to seek injunctive relief Plaintiff has the burden of establishing that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotation marks and citation omitted); see *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) ("Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a 'real and immediate threat of repeated injury.'" (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)).

### D. **Plaintiff Here Lacks Standing Because There Is No Concrete Harm**

Plaintiff is a resident of Florida. Complaint at ¶ 1.  Defendant owns the Subject Property in Glen Burnie, Maryland.  Complaint at ¶ 3.  There are no facts in the Complaint indicating that she has ever traveled to Glen Burnie, Maryland, or anywhere in Maryland or has any plans to do so in the future.

Plaintiff alleges that she is a "tester" for the ADA. Complaint at ¶ 2.  However, her status as a "tester" is not sufficient to establish subject matter jurisdiction in this action. *See Griffin v. Dep't of Labor Fed. Credit Union,* 912 F.3d 649, 656 (4th Cir. 2019) (holding that a plaintiff who was ineligible to be a member of a credit union failed to establish standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services"); *see also Greenwich Hosp.,* 536 F. App'x at 155 (finding the plaintiff's "assertion that he visits public accommodations as an ADA 'tester'" failed to establish standing as it lacked "the requisite link to Stamford, Connecticut"—the location of the defendant's Hampton Inn).

Multiple courts have taken notice of these types of spam style ADA lawsuits without the requisite standing.  Such courts have dismissed nearly identical cases or filed orders to show cause *sua sponte* regarding whether standing and subject matter jurisdiction exists.  For example, the court in *Laufer v. Laxmi & Sons, LLC,* 1:19-cv-01501-BKS-ML, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y. May 6, 2020), involving the same Plaintiff as the case at hand (Laufer), issued a *sua sponte* Memorandum-Decision and Order regarding Plaintiff's lack of standing, stating "There are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York." *Id.* Doc #15 at p.

7. The court went on to say "the Court questions whether the Plaintiff has established standing, in accord with *Spokeo, Kreisler,* and *Deeper Life Christian Fellowship, Inc,* and thus whether the Court has subject matter jurisdiction over this action." *Id.* Doc #15 at p. 9.

Other courts have taken notice of Plaintiff's abuse of litigation as well. For example, in *Laufer v. 1110 Western Albany, LLC*, Case No. 1:19-cv-01324-BKS-ML, 2020 U.S. Dist. LEXIS 81128 (N.D.N.Y. May 7, 2020), the Court issued an Order on May 7, 2020 noting that "Plaintiff Deborah Laufer, a Florida resident … has 29, nearly identical, cases pending against different defendants in the Northern District of New York." *Id.* Doc # 21 at p. 1. The court went on to find that "There appears to be a **serious question as to whether Plaintiff has established standing**, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions." *Id.* Doc # 21 at p. 2 (emphasis added). The court then ordered that Plaintiff file briefs addressing whether she has standing in that case and 27 other cases filed by Plaintiff Laufer listed in the court's Exhibit A attached to the Order. *Id.* Doc # 21 at p. 2. Subsequent to that, the case was dismissed due to settlement. *Id.* Doc # 22, 23. Similarly, the Court here should question Plaintiff's standing, which in fact does not exist.

In New Jersey, The Hon. Renee Marie Bumb issued an Order to Show Cause in 3 very similar cases also brought by a serial ADA plaintiff residing in Florida alleging violations on defendant's website reservations system. *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 4; *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc # 4; *Hernandez v. Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD (USDC DNJ), Doc # 4. *See* Request for Judicial Notice ISO MTD, Exhibit 2. The Court's Order could easily be applied to this case by changing little more than the pronouns involved:

An examination of the facts alleged in the complaints leads this Court to question **whether Plaintiff has established that he has suffered an injury in fact.** Plaintiff alleges that he "visited the Property's website for the purpose of reviewing an assessing the accessible features at the Property in order to ascertain whether it meets Plaintiff's individual disability needs[.]" (Complaints ¶ 30) The complaints do not plead how many times Plaintiff visited each website. Moreover, while Plaintiff pleads a laundry list of "disability accommodations" he was "unable to verify" "whether the Property contain[ed]," (Complaints ¶ 31), **the complaints do not even plead that Plaintiff, who "resides in Miami, Florida," (Complaints, ¶ 1) has any intention of visiting New Jersey, much less the specific properties identified in the complaints.** Rather, Plaintiff merely pleads in conclusory fashion that "Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e)[2] and/or otherwise determine if the site provides enough information for Plaintiff to determine whether the site comes into compliance with the guidelines of the aforementioned law." (Complaints ¶ 39)

**Thus, it does not appear that Plaintiff has pled an injury in fact.** In this regard, the Court finds this case analogous to *Murray v. Lifetime Brands, Inc.*, No. CV 16-5016, 2017 WL 1837855 (D.N.J. May 8, 2017). In that case, as here, the plaintiff's claim was premised on an "'unlawful denial of access to information subject to disclosure.'" Id. at *3 (quoting *In re: Nickelodian Consumer Privacy Litig.*, 827 F.3d 262, 273-74 (3d Cir. 2016)). In *Murray*, Judge Hillman held that the plaintiff had not established an injury in fact, explaining, "[c]ritically, what Murray fails to do, however, is identify the harm that resulted from allegedly not knowing what she asserts the [law] requires [defendant] to tell her." *Id*. at *4,

In this case, too, **Plaintiff fails to plead what actual, concrete harm he suffered, or will continue to suffer**, as a result of allegedly being unable to determine whether each property has disability accommodations that meet his needs.

---

[2] The Court notes that 28 C.F.R. § 36.302(e) (1), which Plaintiff cites in his complaints, does not impose a specific duty on places of public accommodation to include descriptions of disability accommodations on their websites. The regulation merely requires that a place of public accommodation "[i]dentify and describe accessible features . . . in enough detail to permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e) (1) (ii). The regulation is silent as to where or how a place of public accommodation must identify and describe its accessible features, and Plaintiff's complaints are silent in this regard.

*Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 4 at p. 4-5 (emphasis added). The court then ordered that plaintiff show cause "why this case should not be dismissed for lack of Article III standing." *Id.* at p. 6. The defendant subsequently filed a motion to dismiss much like the present motion, and **the court issued an Order granting defendant's motion to dismiss for lack of subject matter jurisdiction**. *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc # 25. The same thing occurred in the second case *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc # 24. In the third case, plaintiff filed a notice of voluntary dismissal, presumably acknowledging the lack of standing and jurisdiction. *Hernandez v. Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD (USDC DNJ), Doc # 5. Here too, the case lacks subject matter jurisdiction and the Complaint should be dismissed by the Court.

## IV.   CONCLUSION

Plaintiff lacks standing in this case, and it is respectfully submitted that the Court accordingly lacks subject matter jurisdiction. This issue has been thoroughly explored by other courts, including in dozens of cases involving this very Plaintiff, resulting in orders and dismissals for lack of jurisdiction. Thus, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction as well.

Dated:  August 31, 2020    Respectfully submitted,

/s/  Michelle M. McGeogh
Michelle M. McGeogh
Fed. Bar No.: 28778
Ballard Spahr LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland  21202
(410) 528-5600
mcgeoghm@ballardspahr.com

*Attorneys for Defendant*


JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK

By:  */s/ Martin H. Orlick*
MARTIN H. ORLICK, ESQ.
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone: 415-398-8080
Facsimile: 415-398-5584
mho@jmbm.com
skt@jmbm.com

*Attorney for Defendant BRE/ESA P Portfolio, LLC*

*Pro Hac Vice Application to be filed*

## CERTIFICATE OF SERVICE

The undersigned hereby declares that on this 31st day of August, 2020, a true and accurate copy of the foregoing was served via the court's Electronic Case Filing system on all counsel of record.

/s/    Michelle M. McGeogh
Michelle M. McGeogh

9