UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH LAUFER, Individually, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-01973-SAG |
| ) | |
| ESA P PORTFOLIO, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**I.     INTRODUCTION**

Plaintiff Deborah Laufer ("**Plaintiff**") is a resident of Florida and never alleges in the Complaint that she has ever or will ever visit either the state of Maryland or the hotel in question. There is no concrete current harm or risk of future harm. To satisfy federal pleading requirements, Plaintiff must sufficiently allege facts which if proven true state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6).  Plaintiff has not done so.  Despite a 32 page Opposition, Plaintiff cannot overcome with volume of words the fact that standing does not exist in this case.  Accordingly, the Court should grant Defendant ESA P Portfolio, LLC's[1] ("**Defendant's**") Motion to Dismiss the Complaint.

---

[1] Defendant is incorrectly identified in the Complaint at BRE/ESA P Portfolio, LLC

## II. DISCUSSION

### A. Plaintiff Relies Extensively On Non-Controlling Florida Cases

Plaintiff's Opposition is based on a series of Eleventh Circuit Court cases, specifically in Florida, that purport to support Plaintiff's position in the present case in Maryland. *See* Opposition to Motion to Dismiss (Doc # 7) at p. 5-12. These cases are not controlling for District Courts in Maryland or the Fourth Circuit.

From pages 5 through 12 of Plaintiff's Opposition to the Motion to Dismiss, Plaintiff lists and describes a large number of cases brought by a single serial plaintiff – **Patricia Kennedy**. Incidentally, these Kennedy cases were generally filed by the same plaintiff's counsel as the present case – **Thomas Bacon, Esq**. While Patricia Kennedy and Thomas Bacon may have been successful filing scores of nearly identical ADA cases in Florida, the tester standing permitted by such Florida District Courts does not apply to the present case.

Absent controlling authority from a higher court, District Courts are free to and often do disagree on the interpretation and application of federal laws to particular circumstances. Many courts disagree with Florida. For example, courts in the Second Circuit have consistently held that being an ADA tester is not itself sufficient to establish standing. In *Harty v. Luihn Four, Inc.*, 747 F.Supp.2d 547 (E.D.N.C.), the court held that plaintiff lacked standing to sue for a visit to a store hundreds of miles from his home. Similarly, in *Harty v. Greenwich Hospitality Group, LLC d/b/a Hampton Inn & Suites*, 536 Fed. Appx. 154 (Mem), 2013 WL 5779641 (2nd Cir., Oct. 28, 2013), the court held that a plaintiff who lives thousands of miles away from a location, has only visited it once and who has no specific plans to return lacked standing to file an ADA claim. *See also Norkunas v. Park Road Shopping Center, Inc.*, 777 F.Supp.2d 998, 1005 (W.D.N.C. 2011) holding **"[T]he law makes clear that a Title III plaintiff cannot use her status as a tester to satisfy the standing requirements** where she

would not have standing otherwise. Thus, the naked assertion of a desire to return to a defendant establishment for the sole purpose of confirming ADA-compliance, without more, is insufficient to establish standing." If the present case were filed in a district court in Florida, Plaintiff's Florida authority might be controlling.  Here, it is not.

      **B.**      <u>**Fourth Circuit Authority Supports Dismissal Of This Case**</u>

Fourth Circuit authority clearly supports dismissal of this case. *Payne v. Sears, Roebuck & Co.*, No. 5:11-CV-614-D, 2012 WL 1965389, 2012 BL 135149 (E.D.N.C. May 31, 2012) is very similar to the case at hand.  In *Payne* the plaintiff was also a Florida resident suing for ADA violations at a Sears store several states away in North Carolina. Defendant moved to dismiss based on the plaintiff's lack of standing. The court applied the familiar four factor test for standing under Title III of the ADA:

> Courts consider four factors to determine whether an individual ADA Title III plaintiff has demonstrated a "real and immediate threat of future harm" and thus satisfied the first requirement for Article III standing—an alleged injury in fact. These factors are: (1) the proximity of the plaintiff's residence to the alleged offending establishment; (2) the plaintiffs past patronage of the establishment; (3) the definitiveness of the plaintiffs plan to return to the establishment; and (4) whether the plaintiff frequently travels nearby.

*Id.* at p. 3.

Thus, the **four factors to consider in whether a Title III ADA plaintiff has standing** in this circuit are as follows:

**(1)** the **proximity** of the plaintiffs residence to the alleged offending establishment;

**(2)** the plaintiffs **past patronage** of the establishment;

**(3)** the definitiveness of the plaintiffs **plan to return** to the establishment; and

**(4)** whether the plaintiff **frequently travels nearby.**

In *Payne v. Sears, Roebuck & Co*, the Fourth Circuit found the following facts applicable to the four factors above:

(1) **Proximity:** plaintiff lived in Florida "approximately 805 miles from the store". *Id.* at p. 4.

(2) **Past patronage:** "Payne has patronized the store twice." *Id.* at p. 4.

(3) **Plan to return:** "Payne does not have definite or concrete plans to return to the store." *Id.* at p. 5.

(4) **Frequency of travels nearby:** "Payne asserts that she has visited North Carolina "approximately [nine] times in recent years… However, Payne's reasons for previously visiting North Carolina, and the reasons that plaintiffs allege will draw her back, do not make it likely that Payne will again be injured at the store." *Id.* at p. 6.

Thus, the four factors considered by the court in the *Payne* matter above were mixed. Nonetheless, the court ultimately found that "In sum, the relevant factors indicate that Payne has not shown a 'real or immediate threat that [she] will be wronged again.' *Id.* (quoting *Lyons*, 461 U.S. at 111). Thus, for the purposes of seeking an injunction under ADA Title III, Payne has not alleged an injury in fact and does not have Article in standing." *Payne* 2012 WL 1965389, at *7. The court granted defendant's motion to dismiss. *Id.* at p. 9. Thus, even with a mixed set of factors as shown above, courts in the Fourth Circuit will dismiss a case for lack of standing when in sum insufficient standing has been shown.

Here, Defendant submits to the Court that the four relevant factors are far more favorable to the defense than they were in the *Payne* case. The four factors of Title III ADA standing are applied to the present case below:

(1) **Proximity:** Here, Plaintiff lives in Florida, even *farther* from the Maryland property at issue than in the *Payne* case.

4

(2) **Past patronage:** Here, Plaintiff *never* alleged to have visited the property at issue in Maryland.

(3) **Plan to return:** Here, Plaintiff *never* alleged in the Complaint an intent to return to or visit the hotel in Maryland. Plaintiff makes a cursory allegation in a new affidavit that she plans to travel to Maryland (not the Subject Property) when the COVID crisis is over. This is a very distant, uncertain and abstract allegation about visiting the State of Maryland sometime in the future. It also lies outside the Complaint and cannot be used to cure defects in the pleading.

(4) **Frequency of travels nearby:** Here, Plaintiff failed to plead in the Complaint that she has ever even visited Maryland, a very far cry from frequent travel to the area.

**Put simply, the facts of the present case fail to support standing even more strongly than the *Payne* case, which reached the conclusion that the plaintiff lacked standing.**

In particular, the Court here might wish to note relevant excerpts from the *Payne* case that are equally applicable here: "[W]hile [a] [p]laintiff may not need to identify a specific date on which he plans to return to the [establishment], he must have a non-speculative intent to return that amounts to more than an allegation that he will return 'some day.'" *Norkunas*, 777 F. Supp. 2d at 1002; *see Rite Aid*, [2011 BL 245471], 2011 WL 4499294, at *6 (collecting cases)." *Payne*, 2012 WL 1965389, at *7. "A plaintiff's professed desire to return to an establishment at some unstated future time is insufficient to establish standing." *P* at p. 6.

C. <u>The Requirements For Standing Do Not Derive From The ADA</u>

From page 13 to page 25 of Plaintiff's Opposition, Plaintiff attacks a strawman argument. In short, Plaintiff argues that the text of the ADA does not explicitly require an intent to visit or return to the property, and since no such requirement is stated in the statute, the Court

5

should not impose one.  **But Plaintiff misses the point that the requirement for an injury-in-fact element and connection to the property derives from the constitutional requirement for standing, not from the ADA.** "In order for Nanni [plaintiff] to pursue his ADA claim, he must satisfy "the irreducible constitutional minimum of standing" that is required in order to invoke jurisdiction in the federal courts. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555 , 561 , 112 S. Ct. 2130 , 119 L. Ed . 2d 351 (1992)." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454, (4th Cir. 2017).  The court in *Nanni* goes on to explain exactly why standing is required:

> In order to possess standing to sue in this proceeding, **Nanni must satisfy the elements of standing enunciated by the Supreme Court in its *Lujan* decision.** And only one of those elements — the "**injury-in-fact**" element — is being litigated here. To satisfy that specific element, the Complaint must show that Nanni "suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *See Lujan*, 504 U.S. at 560 (footnote, citation, and internal quotation marks omitted). As further mandated by *Lujan*, because Nanni is seeking prospective declaratory and injunctive relief rather than damages, **the allegations in the Complaint of past injuries "do[] not in [themselves] show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects."** Id. at 564 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95 , 102 , 103 S. Ct. 1660 , 75 L. Ed. 2d 675 (1983)).

*Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454, (4th Cir. 2017) (emphasis added).

Plaintiff's Opposition uses over 10 pages to attack an argument that Defendant never advanced and that ignores basic principles of law.  Plaintiff ignores the basic constitutional requirements for standing in favor of a detailed description of how the text of the ADA does not explicitly require standing.  But Plaintiff cannot escape the basic requirement of *Lujan* that an ADA plaintiff have more than "past injuries" without future adverse effects.  Here, Plaintiff claims as a Florida resident to possibly one day visit a hotel in Maryland in an area with which she has no connection or concrete reason to visit.  These claims do not meet the clear

constitutional requirements for standing outlined by the court in *Lujan* and applied by many other courts. This is even more true in light of the more than 400 nearly identical ADA lawsuits that Plaintiff has filed. The face of the Complaint demonstrates that Plaintiff is not an individual with a genuine intent to visit the Subject Property in Maryland. She is an individual with a desire to extract settlement sums from businesses that she will likely never visit.

D. **Plaintiff's Newly Filed Affidavit Cannot Cure Defects In The Complaint**

Plaintiff's affidavit (Doc # 7-1), which was only recently filed in opposition to the instant Motion to Dismiss should not be considered by the Court. The Supreme Court of the United States has made clear that while "a Rule 12(b)(6) motion to dismiss a § 10(b) action" requires that the court "accept all factual allegations in the complaint as true," courts also "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Typically, a court can only consider the complaint when it is deciding a *Rule 12(b)(6)* motion to dismiss a complaint. *Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)*. When extrinsic evidence outside of the complaint, materials incorporated into the complaint and materials that are judicially noticeable are considered, the proper vehicle is a motion for summary judgement. *Id.*

Thus, the Court should not consider Plaintiff's recently introduced evidence in the form of an affidavit. To do so would be to impose a double standard to the parties – requiring Defendant to craft and submit a motion to dismiss based on the established rule that only the Complaint and limited additional materials can be considered while allowing Plaintiff to conveniently introduce new, extrinsic evidence clearly falling outside of what is permitted for

such a motion. As Plaintiff's Opposition manifestly demonstrates, counsel is quite familiar with Article III standing and Rule 11 Sanction issues. It is no accident that the Complaint utterly fails to plead standing, which she is not legally and truthfully able to do.

### E. **Defendant Has Not Violated The ADA**

Plaintiff states in her Opposition that "Defendant does not challenge the fact that the websites it uses to accept reservations discriminates against disabled persons." Opposition at p. 3.

First, Defendant strongly disputes these claims. Defendant's website provides a wealth of detail about the accessibility features at the property as required by the ADA. Plaintiff's claims are really about third party websites that Defendant does not own, operate or control. Defendant has provided accessibility information about the hotel to those third party websites and requested that they include that information on their websites. Defendant is not required to do anything more. More importantly for this case, a court could not issue an injunctive relief order requiring Defendant to change a third party's property/website. Thus, there would be nothing for the court to enjoin with respect to Defendant.

Second, Plaintiff's claims about the merits of the case are not ripe for a motion to dismiss. These claims can be disproven at the summary judgement stage or trial. So Plaintiff's claims that Defendant has violated the ADA are both **untrue and irrelevant** to the instant motion to dismiss concerning standing.

### III. CONCLUSION

Plaintiff lacks standing in this case, and the Court accordingly lacks subject matter jurisdiction. For all the reasons above, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

8
67981075v1

| | |
|---|---|
| Dated:  September 29, 2020 | Respectfully submitted,<br><br>JEFFER MANGELS BUTLER & MITCHELL LLP<br>MARTIN H. ORLICK<br><br>By: */s/ Martin H. Orlick*<br>    MARTIN H. ORLICK, ESQ. (admitted pro hac vice)<br>    Two Embarcadero Center, Fifth Floor<br>    San Francisco, CA 94111<br>    Telephone: 415-398-8080<br>    Facsimile: 415-398-5584<br>    mho@jmbm.com<br>    skt@jmbm.com<br><br>*Attorney for Defendant ESA P Portfolio, LLC*<br><br>By: /s/  Michelle M. McGeogh<br>    Michelle M. McGeogh<br>    Fed. Bar No.: 28778<br>    Ballard Spahr LLP<br>    300 E. Lombard Street, 18th Floor<br>    Baltimore, Maryland  21202<br>    (410) 528-5600<br>    mcgeoghm@ballardspahr.com<br><br>*Attorneys for Defendant ESA P Portfolio, LLC* |

## CERTIFICATE OF SERVICE

The undersigned hereby declares that on this 29th day of September, 2020, a true and accurate copy of the foregoing was served via the court's Electronic Case Filing system on all counsel of record.

/s/      Michelle M. McGeogh
Michelle M. McGeogh