# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**DEBORAH LAUFER,**
            **Plaintiff,**

**v.**                                          **Case No: 1:20-cv-1973-SAG**


**BRE/ESA P PORTFOLIO, LLC,**
            **Defendant.**

### PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS

Plaintiff, by and through undersigned counsel, hereby submits this Sur-Reply in

Opposition To Defendant's Motion To Dismiss, filed at DE 5**.**

**1.      Informational Injury**

Defendant is unable to rebut the fact that informational injury has been recognized in this

Circuit, where a defendant is legally obligated to provide public information for the benefit of

persons of whom the plaintiff is a class member. *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 263-64

(4th Cir. 2014), the Fourth Circuit recognized that a plaintiff "suffers an Article III injury when he

is denied information that must be disclosed pursuant to a statute".  See also  *Murray Energy*

*Corp. v. McCarthy*, 2015 U.S. Dist. LEXIS 39130 *20-21 (N.D.W.Va. 2015); *Witt v. CoreLogic*

*Saferent, LLC*, 2016 U.S. Dist. LEXIS 110662 (E.D. Va. 2016); *Thomas v. FTS USA*, 193

F.Supp.3d 623 (E.D. Va. 2016).

**2.      Defendant's Reliance On Physical Property Cases And Proximity Test Cases Is
            Unavailing**

At pp. 2-3 of its Brief, Defendant cites *Harty v. Luihn Four, Inc.*, 747 F.Supp.2d 547

(E.D.N.C. 2010), *Norkunas v. Park Road Shopping Center, Inc.,* 777 F.Supp.2d 998 (W.D.N.C.

2011), *Harty v. Greenwich Hospitality Group, LLC*, 536 Fed. Appx. 154 (2d Cir. 2013)(unpublished opinion), and *Payne v. Sears, Roebuck & Co.*, 2012 WL 1965389 (E.D.N.C. 2012). These cases are inapposite because they all involve a plaintiff's encounter with discrimination that only occurred when he/she visited the physical property and could only be encountered when they revisited the premises. *Camacho v. Vanderbilt University,* 2019 U.S. Dist. Lexis 209202, at *30 (S.D.N.Y. 2019). In *Parks,* 2020 U.S. Dist. Lexis 86790 at *6, the court ruled that the long distance between the hotel and the plaintiff's home weighed in the plaintiff's favor because hotels cater to travelers from afar.[1]  Numerous other courts have criticized the Proximity Test's applicability to hotels and website discrimination cases. *Gold Sun Hospitality, LLC*, 8:18-cv-842, DE 23, pp. 30-31;  *Kennedy v. Sai Ram Hotels*, 2019 U.S. Dist. Lexis 80111, * 9 (M.D. Fla. 2019).  Another court has held that the Proximity test not applicable to commercial websites (in vision impaired discrimination) because (1) website cases do not involve physical locations; and (2) no travel is required. *Gniewkowski, et al v. Lettuce Entertain You Enterprises, Inc., et al.*, 251 F. Supp.3d 908, 920 (W.D. Pa. 2017).  "The relevant 'future injury' inquiry relates to the [hotel's] website and reservation system, rather than the [hotel's] physical property. *Sai Ram*, 2019 U.S. Dist. Lexis 80111, at *11.

At p. 6 of its Brief, Defendant cites *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). Lujan

---

[1]Numerous other courts have held that the proximity test is not applicable in the context of hotels because hotels are, by nature, established to accommodate travelers from afar. *Bodley v. Plaza Management Corp.*, 550 F.Supp.2d 1085, (D. Ariz. 2008);  *D'Lil v. Best Western Encina Lodge & Suites*, 415 F. Supp.2d 1048, 1056 (C.D. Cal. 2006); *Access 4 All, Inc. V. Wintergreen Commercial P'ship*, 2005 WL 2989307, at *4 (N.D. Tex. Nov. 7, 2005); .  *Access 4 All, Inc. v. 539 Absecon Blvd.*, 2006 WL 1804578, at *3 (D.N.J. 2006).  Indeed, at least one court has ruled that a plaintiff who lives **too close** to a hotel has no standing to sue for compliance. See *Access 4 All, Inc. v. Thirty East 30th Street, LLC*, 1:04-Civ-3683, DE 36, at 17 (S.D. N.Y. 12/11/06).

involved a claim whereby the plaintiffs would "some day" travel to Egypt and suffer speculative injury by witnessing the demise of the Nile Crocodile. By contrast, Plaintiff has a system to ensure that she will revisit this hotel's discriminatory website. This injury will occur in her own home. Moreover, she plans to travel to Maryland as soon as the Covid crisis abates and must stay in area hotels. Thus, there is nothing speculative or "some day" about her plans.

**3.      Plaintiff's Affidavit Is Appropriate**

Although the Defendant's Motion was pursuant to Fed. R. Civ. 12(b)(6), Defendant's arguments regarding the filing of Plaintiff's Affidavit are without merit. First, the pleadings of the Complaint set forth a complete cause of action because they sufficiently describe her injury-in-fact: namely, that Defendant has a legal obligation to provide public information to disabled persons and, as a disabled person who encountered Defendant's discriminatory website, Plaintiff is "any person who is being subjected to discrimination" within the meaning of 42 U.S.C. Section 12188. Therefore, she has a complete cause of action and nothing additional is required of her pleadings. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540. 1549-50 (2016). However, out of an abundance of caution, Plaintiff's affidavit was filed to demonstrate her intent to visit the area and stay in hotels.

In the event this Court grants Defendant's Motion, it should be without prejudice and grant Plaintiff leave to amend.

**4.      Defendant's Claim That It Lacks Control Over Third Party Sites Is Disingenuous**

At p. 8 of its Reply, Defendant's claim that it does not own, operate or control the third party websites is an outright misrepresentation. To the contrary, it has contracts with these third parties, accepts reservations and payments through them, and is responsible for providing them

with the information required to reserve an accessible room and otherwise provide them with

information about whether or not their features are accessible. Typically, hotels have their own

username and passwords that give them direct access to their site on the third party platforms and

hotels upload or edit their information themselves.

The Regulation imposes liability on Defendant for its discriminatory online system, even

if operated through third parties.   28 C.F.R. Section 36.302(e)(1) (the "Regulation"), provides:

(1)Reservations made by places of lodging. A public accommodation that owns, leases
(or leases to), or operates a place of lodging shall, with respect to reservations made by
any means, including by telephone, in-person, **or through a third party** -

(Emphasis added.)

Thus, the Regulation is unequivocally clear and imposes liability on hotels which operate

discriminatory reservations systems through third parties.  The DOJ, which promulgated this

Regulation, issued guidelines on the subject at issue. In this regard, the DOJ stated:

Hotels and organizations commenting on their behalf also requested that the
language be changed to eliminate any liability for reservations made through third parties,
arguing that they are unable to control the actions of unrelated parties. The rule, both as
proposed and as adopted, requires covered public accommodations to ensure that
reservations made on their behalf by third parties are made in a manner that results in
parity between those who need accessible rooms and those who do not.
Hotels and other places of lodging that use third party reservations services must
make reasonable efforts to make accessible rooms available through at least some of these
services and must provide these third party services with information concerning the
accessible features of the hotel and the accessible rooms. To the extent a hotel or other
place of lodging makes available such rooms and information to a third party reservation
provider, but the third party fails to provide the information or rooms to people with
disabilities in accordance with this section, the hotel or other place of lodging will not be
responsible.

Guidelines for 28 C.F.R. Part 36, Nondiscrimination on the Basis of Disability in Public

Accommodations and Commercial Facilities, Exhibit A attached hereto, p. 133. Thus, it is

plainly clear that a hotel is directly liable for any failure of its online reservations system to comply with the Regulation, even if operated through third parties. See *Parks v. Richard*, 2020 U.S. Dist. Lexis 127639, passim (M.D. Fla. 7/21//20)(hotel liable for discrimination through third party sites).

Clearly, Defendant failed to provide the third party sites with the information required to comply with the law.

**5.     Conclusion**

For the foregoing reasons, Defendant's Motion is without merit and should be denied.

Respectfully submitted,
*/s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.
THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2020, a copy of the foregoing Memorandum in Opposition to the Motion to Dismiss was filed electronically and served on all counsel of record via the Court's CM/ECF system.

*/s/ Tristan W. Gillespie*