UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**DEBORAH LAUFER,**
   **Plaintiff,**

v.                                                                                  Case No: 1:20-cv-1973-SAG

**BRE/ESA P PORTFOLIO, LLC,**
   **Defendant.**

### NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, by and through undersigned counsel, hereby submits this Supplemental Authority in support of her standing.

In *Laufer v. U.L.S.T., LLC dba Waterfront Hotel & Marina*, 2020 U.S. Dist. LEXIS 206417 (N.D.Ill. 11/4/20)("Watefront"), a court in the Northern District of Illinois denied a motion to dismiss advancing arguments that are identical to those made by the Defendant in the case at bar.

The Court rejected the defendant's argument that *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830 (7th Cir. 2019), provided any basis for denial of standing for informational injury. *Id.*, pp. 6-8. As the *Waterfront* Court noted, *Carello* was strictly limited to instances where the plaintiff was legally barred from using the using the defendant's services. Id., **9, 10-12.

The *Waterfront* Court observed that the *Carello* decision made several points:

First, that the *Carello* Court held that plaintiff's status as a tester does not deprive her of standing. *Id.*, **11-12.

Second, that the *Carello* Court acknowledged that dignitary and informational harms can

1

qualify as injuries-in-fact. *Id.* \*13.

Third, that the *Carello* Court held an informational injury occurs when the defendant refuses to provide the plaintiff with information that a law entitles the plaintiff to obtain and that the plaintiff need not allege any additional harm beyond his failure to receive information that the law renders subject to disclosure. *Id.*, \*\*12-13.

Significantly, the *Waterfront* Court reasoned that a plaintiff has standing to sue even if they did not intend to book a room. In this respect, the court held:

> What Carello reinforces is that absent such a legal barrier, informational and dignitary injuries do suffice to support Article III standing. And that is exactly what Laufer alleges here. She claims that the inadequate disclosures about Waterfront's accessibility "deprive her of the information required to make meaningful choices for travel," and that she "suffer[s] … frustration and humiliation as the result of the discriminatory conditions present" on the hotel's booking pages. [] Thus, even absent a concrete plan to visit Johnsburg, Laufer has standing to bring this ADA suit.

*Id.* \*\*12-13.

The *Waterfront* Court also held:

> Waterfront next submits that the complaint fails to state a claim, arguing that the ADA "requires the hotel to accommodate Ms. Laufer's disabilities [only] if she desires to stay there." [] As explained above, however, Laufer's alleged injury is not the inability to stay at Waterfront; rather, it is the inability to determine whether she *can* stay there, as well as the stigmatic injury resulting from Waterfront's failure to make accessibility information available.

*Id*. \*\*13-14 (Emphasis supplied).

In this respect, the *Waterfront* opinion joins the growing body of district court decisions holding that encountering a discriminatory online reservations system gives rise to injury-in-fact that an intent to book a room or travel to the area is not required.

2

Respectfully submitted,

Attorneys for Plaintiff:

_/s/ Tristan W. Gillespie__
Tristan W. Gillespie, Esq.
**Thomas B. Bacon, P.A.**
5150 Cottage Farm Rd.
Johns Creek, GA 30022
ph. (404) 276-7277
Gillespie.tristan@gmail.com